**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| In re:<br><br>EXTREME REMODELERS OF SARASOTA, LLC<br><br>    Debtor(s). | Chapter 7<br><br>Case No. 8:12-bk-16134-KRM |
| DOUGLAS N. MENCHISE, AS TRUSTEE FOR THE ESTATE OF EXTREME REMODELERS OF SARASOTA, LLC<br><br>    Plaintiff<br><br>vs.<br><br>SEAN HOGAN and LINDA HOGAN,<br><br>    Defendants. | Adv. Pro. No. 8:15-ap-_____-KRM |

**COMPLAINT FOR ACCOUNTING AND RECOVERY
OF FRAUDULENT AND PREFERENTIAL TRANSFERS**

Plaintiff, Douglas N. Menchise, as Chapter 7 Trustee for the estate of Extreme Remodelers of Sarasota, LLC (the "Trustee"), by and through his undersigned counsel and pursuant to 28 U.S.C. § 2201 and 11 U.S.C. §§ 544, 547, 548, 550 and 553, as well as other applicable law, hereby files this Complaint for Accounting and Recovery of Fraudulent and Preferential Transfers, against Defendants, as follows:

**JURISDICTION AND VENUE**

1.    This adversary proceeding is governed by Title 11 of the United States Code.

2.    This Court has jurisdiction over this adversary proceeding pursuant to 28

U.S.C. §§ 157(b) and 1334.

3. This adversary proceeding is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This Court has personal jurisdiction over the Defendants pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

## GENERAL BACKGROUND

6. On October 25, 2012, the Debtor, Extreme Remodelers of Sarasota, LLC d/b/a Paradise Homes of Sarasota (the "Debtor" or "Extreme Remodelers"), filed a Voluntary Petition for relief of its creditors under Chapter 7 of the United States Bankruptcy Code.  Christine Herendeen was originally appointed Chapter 7 Trustee in this case and In Re Paradise Lifestyle Center, LLC, Case No. 8:12-bk-16135-KRM ("Paradise Lifestyle"), a related bankruptcy, and, after her recusal due to a potential conflict between the debtor-corporations, Douglas N. Menchise was appointed Successor Chapter 7 Trustee in the above-styled case.

7. Defendant, Sean Hogan, is an officer, manager or agent of the Debtor and is a resident of Sarasota County, Florida.

8. Defendant, Linda Hogan, is an officer, manager or agent of the Debtor and is a resident of Sarasota County, Florida.

9. Defendants, Sean Hogan and Linda Hogan, are insiders as defined by 11 U.S.C. §101(31).

## COUNT I
### Request for an Accounting

10. The Trustee re-alleges and incorporates paragraphs 1-9 as if fully set forth herein.

11. In order to accurately determine the scope of all transfers by or on behalf of the Debtor to or for the benefit of Defendants which are or should be the subject of this action, the Trustee will need and is entitled to an accounting of all transfers made to or for the benefit of the Defendants by or on behalf of the Debtor.

12. The Trustee anticipates that such accounting will reveal additional transfers beyond those described herein and therefore reserves the right to amend this Complaint should facts be discovered pursuant to the accounting sought herein, or otherwise, which justify the assertion of additional avoidable preferences, payments, transfers and other claims, including but not limited to any and all claims arising under the Bankruptcy Code and/or any applicable state or federal law.

WHEREFORE, the Trustee requests that the Court enter judgment requiring the Defendants to provide the Trustee with the accounting requested herein, and awarding the Trustee such other and further relief as this Court deems just and appropriate.

## COUNT II
### Avoidance and Recovery of Preferential Transfers

13. The Trustee re-alleges and incorporates paragraphs 1-9 as if fully set forth herein.

14. This is an action against Defendants to avoid and recover preferential

transfers pursuant to U.S.C. §§ 547(b) and 550.

15. During the twelve (12) months preceding the Petition Date, the Debtor transferred to Defendants a total of at least $154,731.80 ("Preferential Transfers"). Document(s) evidencing the Preferential Transfers are attached hereto as Exhibit A.

16. The Preferential Transfers were transfers of property of the Debtor.

17. The Preferential Transfers were made to the Defendants on account of antecedent debts owed by the Debtor before such Preferential Transfers were made.

18. The Preferential Transfers were made to or for the benefit of the Defendants.

19. At the time of the Preferential Transfers, the Debtor was insolvent.

20. The Preferential Transfers enabled Defendants to recover more than it would have received as a creditor if: (a) the case were a case under Chapter 7 of the Bankruptcy Code; (b) the Preferential Transfers had not been made; and (c) Defendants received payment of the debt to the extent provided by the provisions of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests the entry of a judgment against Defendant:

    a. Avoiding the Preferential Transfers pursuant to 11 U.S.C. § 547 and avoiding all transfers by Debtors to Defendants in addition to those specifically referred to in this Complaint, if any, which are avoidable under 11 U.S.C. § 547;

    b. For the amount of the Preferential Transfers pursuant to 11 U.S.C. 550(a);

    c. For interest from the date of the Preferential Transfers;

  d. For all costs of this action;

  e. Disallowing any and all claims by Defendants, or any amounts owed to Defendants according to Debtor's schedules, pursuant to 11 U.S.C. § 502(d) unless Defendants has returned to the estate the amount for which they are liable; and

  f. For such other and further relief as the Court deems proper.

## COUNT III
### Avoidance of Fraudulent Transfer

21. The Trustee re-alleges and incorporates paragraphs 1-9 as if fully set forth herein.

22. This is an action against Defendants to avoid and recover fraudulent transfers pursuant to U.S.C. §§ 548 and 550.

23. During the two (2) years preceding the Petition Date, the Debtor transferred to Defendants a total of at least $212,385.57 ("Fraudulent Transfers"). Document(s) evidencing the Fraudulent Transfers are attached hereto as Exhibit A.

24. The Fraudulent Transfers were transfers of property of the Debtor.

25. The Fraudulent Transfers were made to the Defendants without appropriate consideration.

26. The Fraudulent Transfers were made to or for the benefit of the Defendants.

27. At the time of the Fraudulent Transfers, the Debtor was insolvent.

28. All conditions precedent to the bringing of this action have occurred or have been performed.

WHEREFORE, the Trustee respectfully requests the entry of a judgment against

Defendant:

    a.    Avoiding the Fraudulent Transfers pursuant to 11 U.S.C. § 548 and avoiding all transfers by Debtors to Defendants in addition to those specifically referred to in this Complaint, if any, which are avoidable under 11 U.S.C. § 548;

    b.    For the amount of the Fraudulent Transfers pursuant to 11 U.S.C. 550(a);

    c.    For interest from the date of the Fraudulent Transfers;

    d.    For all costs of this action;

    e.    Disallowing any and all claims by Defendants, or any amounts owed to Defendants according to Debtor's schedules, pursuant to 11 U.S.C. § 502(d) unless Defendants has returned to the estate the amount for which they are liable; and

    f.    For such other and further relief as the Court deems proper.

Dated:    April 23, 2015

       /s/    Douglas N. Menchise
DOUGLAS N. MENCHISE, ESQUIRE
Florida Bar No. 214965
2963 Gulf to Bay Blvd., Suite 300
Clearwater, Florida 33759
(727) 797-8384 / phone
(727) 797-8019 / fax
Dmenchise@verizon.net

# Exhibit "A"

| | | | | |
|---|---|---|---|---|
| **Extreme Remodelers of Sarasota LLC - Payments to Sean and Linda Hogan** | | | | |
| | | | | |
| **Check No.** | **Date** | **Payee** | **Amount** | **Category** |
| 4468 | 7/14/2011 | Sean Hogan | $ 532.14 | 64700 - Miscellaneous Expense |
| 4644 | 7/22/2011 | Sean Hogan | $ 9,970.00 | 20000 - Accounts Payable |
| 4646 | 7/22/2011 | Sean Hogan | $ 1,050.00 | 20000 - Accounts Payable |
| STA… | 7/22/2011 | Sean Hogan | $ 9,970.00 | 57008 - Consulting Fees |
| STA… | 7/22/2011 | Sean Hogan | $ 400.00 | 57008 - Consulting Fees |
| STA… | 7/22/2011 | Sean Hogan | $ 250.00 | 60003 - Telephone Expense |
| STA… | 7/22/2011 | Sean Hogan | $ 400.00 | 62003 - Fuel / Mileage |
| 4741 | 8/1/2011 | Sean Hogan | $ 2,071.57 | -SPLIT- |
| STA… | 8/1/2011 | Sean Hogan | $ 250.00 | 60015 - Telephone Expense |
| 4820 | 8/19/2011 | Sean Hogan | $ 1,129.15 | -SPLIT- |
| 4928 | 8/19/2011 | Sean Hogan | $ 9,970.00 | 57008 - Consulting Fees |
| 5035 | 9/11/2011 | Sean Hogan | $ 2,253.71 | 14000 - Cooking School |
| 5081 | 9/12/2011 | Sean Hogan | $ 3,224.26 | 14000 - Cooking School |
| 5082 | 9/21/2011 | Sean Hogan | $ 1,782.96 | 14000 - Cooking School |
| 5083 | 9/21/2011 | Linda Hogan | $ 1,000.00 | 57001 - Office Wages |
| 5203 | 9/28/2011 | Sean Hogan | $ 9,970.00 | 57008 - Consulting Fees |
| 5204 | 9/28/2011 | Sean Hogan | $ 1,402.38 | -SPLIT- |
| 5226 | 10/14/2011 | Sean Hogan | $ 2,027.60 | -SPLIT- |
| | | | $ 57,653.77 | |
| | | | | |
| **Check No.** | **Date** | **Payee** | **Amount** | **Category** |
| 5483 | 10/27/2011 | Sean Hogan | $ 1,149.00 | 57012 - Computer Software, HW, Support |
| 5484 | 10/27/2011 | Sean Hogan | $ 9,970.00 | 57008 - Consulting Fees |
| 5402 | 11/2/2011 | Sean Hogan | $ 1,245.54 | -SPLIT- |
| 5522 | 11/7/2011 | Linda Hogan | $ 1,000.00 | 57007 - Accounting Fees |
| 5642 | 11/29/2011 | Sean Hogan | $ 250.00 | 62003 - Fuel / Mileage |
| 5643 | 11/29/2011 | Sean Hogan | $ 9,907.00 | 57008 - Consulting Fees |
| 5644 | 11/29/2011 | Linda Hogan | $ 1,000.00 | 57001 - Office Wages |
| 6014 | 12/23/2011 | Sean Hogan | $ 9,970.00 | 57008 - Consulting Fees |
| 6060 | 12/30/2011 | Linda Hogan | $ 1,500.00 | 57001 - Office Wages |
| 6266 | 1/13/2012 | Sean Hogan | $ 9,977.00 | 57008 - Consulting Fees |
| 6267 | 1/13/2012 | Sean Hogan | $ 2,514.00 | 69800 - Uncategorized Expenses |
| 6451 | 1/27/2012 | Sean Hogan | $ 1,000.00 | 14000 - Cooking School |
| 6523 | 2/9/2012 | Sean Hogan | $ 13,150.62 | 57008 - Consulting Fees |
| 6524 | 2/12/2012 | Linda Hogan | $ 1,500.00 | 57001 - Office Wages |
| 6622 | 2/26/2012 | Sean Hogan | $ 2,267.63 | 69800 - Uncategorized Expenses |
| 6778 | 3/7/2012 | Sean Hogan | $ 10,000.00 | 57008 - Consulting Fees |
| 6770 | 3/15/2012 | Linda Hogan | $ 1,500.00 | 57001 - Office Wages |
| 6771 | 3/16/2012 | Sean Hogan | $ 3,107.93 | 64700 - Miscellaneous Expense |
| 6943 | 3/23/2012 | Sean Hogan | $ 1,712.11 | 64700 - Miscellaneous Expense |
| 7031 | 4/5/2012 | Linda Hogan | $ 1,500.00 | 57001 - Office Wages |
| 7032 | 4/5/2012 | Sean Hogan | $ 10,000.00 | 57008 - Consulting Fees |
| 7314 | 5/1/2012 | Sean Hogan | $ 10,000.00 | 57008 - Consulting Fees |

| 7313 | 5/3/2012 | Linda Hogan | $ 1,500.00 | 57008 - Consulting Fees |
|---|---|---|---|---|
| 1239 | 6/11/2012 | Sean Hogan | $ 10,000.00 | 57008 - Consulting Fees |
| 7423 | 6/11/2012 | Sean Hogan | $ 4,041.55 | -SPLIT- |
| 7445 | 6/11/2012 | Linda Hogan | $ 1,500.00 | 57008 - Consulting Fees |
| 7767 | 7/2/2012 | Sean Hogan | $ 10,000.00 | 57008 - Consulting Fees |
| 7768 | 7/2/2012 | Linda Hogan | $ 1,500.00 | 57007 - Accounting Fees |
| 7839 | 7/21/2012 | Sean Hogan | $ 3,327.44 | 69800 - Uncategorized Expenses |
| 8001 | 8/7/2012 | Sean Hogan | $ 10,000.00 | 57008 - Consulting Fees |
| 8051 | 8/14/2012 | Linda Hogan | $ 1,500.00 | 57008 - Consulting Fees |
| 8194 | 9/10/2012 | Sean Hogan | $ 5,000.00 | 57008 - Consulting Fees |
| 8195 | 9/10/2012 | Linda Hogan | $ 1,500.00 | 57008 - Consulting Fees |
| 8196 | 9/10/2012 | Sean Hogan | $ 641.98 | 57012 - Computer Software, HW, Support |
| | | | $ 154,731.80 | |
| | | | | |
| | | | | |
| | | | $ 57,653.77 | |
| | | | $ 154,731.80 | |
| | | | $ 212,385.57 | |